UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHIRELY WALTON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of the<br>Social Security<br>Administration,<br><br>    Defendant. | Case No. CV 01-10230 CW<br><br>ORDER GRANTING PETITION<br>FOR ATTORNEYS' FEES<br>42 U.S.C. § 406(b) |

Plaintiff's counsel, Lawrence D. Rohlfing, has filed a Petition for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) ("Pet.") seeking an order for payment of fees in the amount of nine thousand dollars ($9,000.00) for legal services provided in representing plaintiff before this district court. Counsel seeks compensation pursuant to a contingent fee agreement and requests that the amount of fees sought

---

[1] Michael J. Astrue, the Commissioner of the Social Security Administration, is ordered substituted as Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

by this petition be paid from the portion of plaintiff's past-due benefits award withheld by defendant for the payment of attorneys' fees. Defendant has not filed a response. For the reasons stated below, the petition is granted.

**Proceedings**

On December 4, 2001, plaintiff filed a complaint for judicial review of defendant's decision denying her application for disability insurance benefits and supplemental security income. After the parties filed a Joint Stipulation identifying the issues in dispute, the court issued a decision and order on August 29, 2003, granting plaintiff's motion for summary judgment and remanding the matter for further administrative proceedings. On remand, plaintiff was awarded disability benefits, including past due benefits, in the amount of $36,269.40 [Pet. 3]. The sum of $9,067.35, representing 25% of plaintiff's past-due benefits award, was withheld by defendant for the payment of attorneys' fees. [Id.] From this amount, plaintiff seeks a fee award in the gross sum of $9,000.00. [Id.] Plaintiff's counsel has already been awarded attorneys' fees of $3,100.00 under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). [Id. ] The EAJA award offsets any attorneys' fee award payable from plaintiff's past-due benefits, up to the full amount of the EAJA award.[2] Accordingly, plaintiff's counsel seeks a gross award of $9,000.00 with an order

---

[2] If attorneys' fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)(noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

2

that plaintiff's counsel reimburse his client in the amount of $3,100.00. [Id.]

## Discussion

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. at 792. In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793.[3]  While courts review

---

[3] Under the "lodestar" method, attorneys' fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. See Gisbrecht, 535 U.S. at 797 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. See Gisbrecht, 535 U.S. at 798 (continued...)

3

fee agreements as an "independent check, to assure that they yield reasonable results in particular cases," lawful contingent-fee agreements are "<u>the primary means by which fees are set</u>" for the successful representation of social security disability claimants in court. <u>Gisbrecht</u>, 535 U.S. at 807 (emphasis added).

Here, plaintiff retained counsel to represent him in federal court in his social security disability case, and plaintiff agreed to pay counsel a contingent fee in an amount equal to 25% of any past-due benefits award obtained. [Pet., Exh. 1.] The instant petition seeks a total fee of slightly less than that amount. Because the parties' contingent fee agreement thus falls within the 25% boundary set by § 406(b), the court appropriately examines counsel's instant petition to assure that enforcement of the agreement is not unreasonable, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." <u>Gisbrecht</u>, 535 U.S. at 807. In testing for reasonableness of the fee request, the court may consider factors such as the character of the representation, the results achieved, the relationship between the amount of any benefits award and the time expended, and any undue delay attributable to

---

(...continued)
(citing <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975). Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Allen v. Shalala</u>, 48 F.3d 456, 458 n.3 (9th Cir. 1995)(citing <u>Kerr</u>, 526 F.2d at 70), disapproved by <u>Gisbrecht</u>, 535 U.S at 797-99.

counsel that caused an accumulation of back benefits.  Gisbrecht, 535 U.S. at 808.

Consideration of these factors supports approval of the instant fee petition.  The character of counsel's representation before the court was of high quality and efficiency, and counsel obtained a favorable result for his client in the form of a remand for further administrative proceedings, eventually leading to the payment of past-due benefits and ongoing disability benefits.  The nature of the work performed and the time expended on this matter before the district court (18.2 attorney hours and 6 paralegal hours) are within the norm for social security disability cases. [Pet., 13].  See Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 & n. 2 (C.D. Cal. 2000) (collecting cases approving up to 54.5 hours of compensable attorney services for individual cases).  There is no suggestion of undue delay by counsel in litigating plaintiff's claim.

The reasonableness of the requested fee is also appropriately checked with reference to a lodestar figure.  See Gisbrecht, 585 U.S. at 808 (noting that record of hours spent and hourly billing charges for noncontingent-fee cases may aid in the court's assessment of reasonableness of the fee requests).  Counsel suggests that base hourly billing rates of $336 for attorney (partner) services and $120 for paralegal services represent reasonable noncontingent hourly rates in light of published surveys regarding law firm practice.[4]  Counsel further suggests that the hourly rate should be adjusted for the increase in the cost of legal services, to reflect hourly rates of

---

[4] The base attorney rates which counsel references are derived from the ninth decile billing rate figures for southern California firms as shown in The 2000 Small Law Firm Economic Survey (Altman Weil Publications, Inc.). [Pet., Exh. 5].

$429.95 for attorney time and $153.55 for paralegal time. [Pet. 13-14.] The court finds these rates appropriate for purposes of a comparative fee calculation, which produces a lodestar of $8,746.39.[5] In comparison, the total fee of $9,000.00 requested by counsel for work performed in the district court under the contingency agreement is approximately 1.03 times this lodestar figure and represents an effective hourly rate of $371 for attorney time. Counsel asserts that the requested fee is reasonable in relation to the lodestar because of the contingent nature of the case and similar awards in other cases. [Pet. 15-21].

    The court agrees that the requested fee in this case is not unreasonable when checked with reference to the lodestar calculation. In the absence of any evidence of misconduct or incompetence by counsel, or the suggestion of an inappropriate "windfall" for counsel, post-Gisbrecht decisions have approved contingent fee payments yielding hourly rates higher than those sought here. See Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)("Since Gisbrecht was handed down by the Supreme Court, the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements."); see also Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D.W.Va. 2003)(approving fee amounting to $1,433.12 per hour, which was less than agreed 25% contingency fee and properly accounted for agreement of parties and value of representation); Brown v. Barnhart, 270

---

[5] The lodestar calculation is: [18.2 (attorney hours) x $429.95 (non-contingent hourly rate)] + [6 (paralegal hours) x $153.55 (non-contingent hourly rate] = $7,825.09 + $921.30 = $8,746.39.

F.Supp.2d 769, 772-73 (W.D.Va. 2003)(holding that contingent fee equating to $1407/hr. would be "windfall" but award amounting to $977/hr. was reasonable); Dodson v. Com'rs of Social Security, 2002 WL 31927589, at *2  (W.D.Va. 2002) (rejecting the Commissioner's argument that a contingent fee of $5,000 for 7.2 hours of work, or $694.44 per hour, is per se unreasonable "because it fails to account for the nature of a contingent-fee agreement"); Hussar-Nelson v. Barnhart, 2002 WL 31664488, at *3 (N.D. Ill. 2002) (rejecting the argument that an hourly rate of $393.00 for 53.9 hours of work represented a windfall, and collecting pre-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $380 to $605).

   Nothing in the record before the court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this court.  Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the petition here seeks no more than the agreed fee.  Based on existing authority, the fee requested is not so inordinately large that it represents a windfall to counsel.  Cf. Ellick v. Barnhart, 445 F.Supp.2d 1166, 1172-73 (C.D. Cal. 2006) (finding effective hourly rate of $933.39 "unreasonable," but approving 2.5 multiplier to attorney's regular billing rate); Ogle v. Barnhart, 92 Soc.Sec.Rep.Serv. 938, 2003 WL 22956419 *5-6 (D. Maine 2003)(finding effective hourly rate of $1,860.17 "astronomical," but approving 2.5 multiplier to attorney's regular billing rate). Accordingly, the court finds that the contingent fee requested by counsel in this case is reasonable.

**Conclusion**

For the reasons stated herein, the amended petition for attorneys' fees under 42 U.S.C. § 406(b) is **GRANTED.** Counsel is awarded the amount of nine thousand dollars ($9,000.00) and ordered to reimburse his client in the amount of three thousand one hundred dollars ($3,100.00).

**IT IS SO ORDERED.**

DATED: January 2, 2008

```
                          _____/S/_____
                              CARLA M. WOEHRLE
                          United States Magistrate Judge
```